**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| RYMED TECHNOLOGIES, INC., | ) | Civil Action No. 3:10-CV-1067 TJC |
| | ) | |
| Plaintiff, | ) | Assigned for All Purposes to: |
| | ) | Honorable Chief Judge Todd J. Campbell |
| v. | ) | |
| | ) | |
| ICU MEDICAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## [~~PROPOSED~~] PROTECTIVE ORDER RE: NELSON LABORATORIES

Pursuan to Rule 26(c) of the Federal Rules of Civil Procedure, to preserve and maintain the confidentiality of certain documents and information to be produced by Nelson, to comply with all state and federal regulations, and to adequately protect individually identifiable information entitled to be kept confidential. The Court for good cause shown, and pursuant to Federal Rule of Civil Procedure 26(c), does hereby enter this Protective Order.

IT IS, THEREFORE, ORDERED:

### INFORMATION SUBJECT TO THIS ORDER

1.      **Confidential Information**. For the purposes of this Order, a document may be designated "Confidential" when it contains confidential technical, marketing, research, development, financial, commercial, trade secret, and other information that is not generally known to the public and that the producing party would not disclose to competitors or third

parties in the ordinary course of business. As used in this Order, "Confidential Information" means any Subject Discovery Materials which have been designated as "Confidential."

2.　Notwithstanding Paragraph 1, the following information is not Confidential Information:

(a)　any information that, at the time of disclosure to a receiving party, is in the public domain;

(b)　any information that, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or breach of an obligation of confidentiality to the producing party;

(c)　any information known to the receiving party prior to the disclosure; and

(d)　any information obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

## DESIGNATING CONFIDENTIAL INFORMATION

3.　**Designation of Documents, Things, and Written Discovery Responses**. To designate a document as "Confidential," Nelson shall, at the time of production, label or mark the document with the appropriate legend.

4.　**Designation of Depositions**. All or portions of depositions or other testimony by Nelson or any current or former employee of Nelson, and exhibits thereto, may be designated by a party or the witness being examined as "Confidential" orally at the time of the examination or in writing within thirty (30) days after receipt of the transcript. Post-deposition designation shall be specific by page and line, or exhibit number, as appropriate. Until expiration of the thirty (30) day designation period, the entire transcript with exhibits shall be considered "Confidential" and

2

protected from disclosure under this Order. Documents that are used as exhibits and are already designated as "Confidential" shall maintain their confidentiality designation.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

5.      Nelson shall use reasonable care when designating documents or information as "Confidential." The acceptance by a party of documents or information designated as "Confidential" shall not constitute an agreement, admission, or concession, or permit an inference of agreement, admission, or concession, that the materials are, in fact, properly subject to protection under Federal Rule of Civil Procedure 26(c) or on any other basis. Nothing in this Order shall be construed to prevent any party from objecting to any "Confidential" designation as outside the scope of this Order or Federal Rule of Civil Procedure 26(c).

6.      A party shall not be obliged to challenge the propriety of a designation of "Confidential" at the time made, and failure to do so shall not preclude a subsequent challenge thereto. If, after receiving information designated as "Confidential," a receiving party believes that such information does not meet the requirements for such designation, the receiving party shall notify Nelson, through its counsel, in writing and request that the designation be removed. Within ten days of receipt of such notice, Nelson shall advise the receiving party in writing whether it will or will not re-designate the subject information as requested. The receiving party shall seek to reach agreement with Nelson to withdraw or modify the designation. If agreement cannot be reached between counsel, a written motion may be made to this Court by the receiving party for an order removing or modifying the designation from specific documents or testimony. Any documents or information designated "Confidential," and any filing made under seal to which an objection has been made, shall not be disclosed in any manner inconsistent with this Order until such matter has been resolved by agreement of the Parties or by Court order. The

3

misdesignation of information shall not, in any way, affect the Court's determination as to whether or not the information is entitled to the requested status.

## PERSONS QUALIFIED TO RECEIVE CONFIDENTIAL INFORMATION

7. As used in this Protective Order, "Trial Counsel" refers to counsel of record for RyMed, Macklin, and ICU in the above-captioned matter, which as of the date of this order, is as follows:

a. For RyMed and Macklin: the attorneys, paralegals, agents and support staff of Sherrard & Roe, PLC.

b. For ICU: the attorneys, paralegals, agents and support staff of Kohut & Kohut LLP and Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

8. Subject Discovery Materials designated as "Confidential" and filings made under seal with such material, may be disclosed or made available by the receiving party only to the Court and Court Personnel, to Trial Counsel, and to the persons designated below:

a. RyMed and Macklin, subject to the conditions set forth in Paragraph 10, below;

b. Two corporate representatives of ICU, subject to the conditions set forth in Paragraph 10, below.

c. Independent experts or consultants with whom Trial Counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof, and their respective secretarial, clerical, and supporting personnel;

d. Third-party court reporting, videography, duplicating, document handling and/or document imaging services employed in this action;

e. Persons who have been retained by the receiving party or its Trial Counsel specifically to consult with regard to jury- or trial-related matters, including the composition of

4

the jury in this matter (collectively referred to as "Trial Consultants"), and persons regularly employed by them, to the extent necessary when working under the supervision of such Trial Consultants in connection with this matter;

f. Persons who have been retained by the receiving party or its Trial Counsel specifically to prepare demonstrative or other exhibits for deposition, trial or other court proceedings in this matter (collectively referred to as "Graphic Designers"), and persons regularly employed by them, to the extent necessary when working under the supervision of such Graphic Designers in connection with this matter; and

g. Witnesses in any deposition or other proceeding of this action who are, from the face of the Subject Discovery Materials, or are otherwise first established or agreed to be, an author or recipient or someone with access to the Subject Discovery Materials;

h. Any other persons as to whom the Parties agree in writing, or as designated as permitted by order of this Court after notice to all Parties.

9. Any person who makes any disclosure in confidence under this Order of "Confidential" documents, responses, testimony or filings made under seal, shall advise each person to whom such disclosure is made of the Order. The persons described in Paragraph 8, above, are enjoined from disclosing "Confidential" documents and information to any other person except in conformance with this Order.

10. **Conditions to Disclosure to Parties/Party Representatives**. Before materials designated "Confidential" and filings made under seal with such "Confidential" material may be disclosed to persons identified in Paragraphs 8(a) and 8(b), the person to whom the disclosure is to be made shall first complete and sign the Declaration attached hereto as Exhibit A stating that he or she has read and understands this Order and agrees to be bound by its terms.

5

11. Nothing in this Order shall be construed to require execution of the Declaration, or to prevent disclosure of its own Confidential Information, by Nelson or by any employee of Nelson as Nelson sees fit.

12. In the event that one or more parties are added or substituted into this action by any means including consolidation with another action, this Order shall be binding on and shall inure to the benefit of such new parties, subject to the right of such new parties (other than a subsidiary of a Party who is already bound by the Order) to seek relief from or modification of this Order. Said parties who join or are added or substituted into this action shall not have access to Confidential Information until the newly joined party or its counsel has executed, and filed with the Court, an agreement to be bound by this Order.

## FILING CONFIDENTIAL INFORMATION

13. Confidential Information and documents containing Confidential Information which are included in or attached to pleadings, motions, or other materials to be filed with the Court, shall be filed under seal.

## TERMINATION OF ACTION

14. Within thirty (30) days following the conclusion of this litigation, all Confidential Information, except such documents or information that incorporate or are incorporated into attorney work product, pleadings, and/or submissions to the Court, shall be returned to the producing party or destroyed, and Trial Counsel for the receiving party shall immediately confirm in writing the fact of such return or destruction.

15. All obligations and duties arising under this Order shall survive the termination of this action. This Court shall retain jurisdiction indefinitely with respect to any dispute regarding

6

the improper use of designated Confidential Information, to modify the terms of this Order, or to enter further Orders respecting confidentiality, as may be necessary.

## **MISCELLANEOUS PROVISIONS**

16.     Nothing herein shall be construed to affect or limit in any way the admissibility of any document, testimony, or other evidence at trial.

17.     No part of the restrictions imposed by this Order may be waived or terminated, except by the written stipulation executed by counsel of record for each party, or by an Order of this Court for good cause shown.

## **ORDER**

**IT IS SO ORDERED.**

Date: May 13, 2011

*s/ John S. Bryant*

~~Judge Todd J. Campbell~~
JOHN S. BRYANT
United States Magistrate Judge

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| RYMED TECHNOLOGIES, INC., ) | Civil Action No. 3:10-CV-1067 TJC |
| ) | |
| Plaintiff, ) | Assigned for All Purposes to: |
| ) | Honorable Chief Judge Todd J. Campbell |
| v. ) | |
| ) | |
| ICU MEDICAL, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PROTECTIVE ORDER ACKNOWLEGEMENT AND DECLARATION

I, _____, state the following:

1.  I reside at _____.

2.  My present employer is _____.

3.  My present occupation or job description is _____.

4.  I have read the Protective Order in this action and understand its provisions. I hereby promise and agree to be bound by its terms, and promise and agree to maintain, pursuant thereto, the confidentiality of all information furnished to me which has been designated as such under that Order. I understand that these promises are conditions precedent to my receipt of any such information.

5.  I understand that I am to retain all copies of any documents designated as "Confidential" in a secure manner, and that all copies are to remain in my personal custody until

8

I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any Confidential Information are to be destroyed or returned to counsel who provided me with such material.

6.      I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any secretarial, clerical, or supporting personnel who assist me, of the terms of said Order and to take steps to ensure their compliance with the terms of the Protective Order.

7.      I agree to submit myself to the jurisdiction of the United States District Court for the Middle District of Tennessee, for the purpose of enforcing the terms of this Acknowledgement and Declaration.

8.      I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages.

9.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on _____, 20___, at _____.


_____

[Print name:]_____

Case 3:10-cv-01067   Document 33   Filed 05/13/11   Page 9 of 9 PageID #: 478