IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RYMED TECHNOLOGIES, INC. AND DENISE MACKLIN,<br>    PLAINTIFFS,<br>v.<br>ICU MEDICAL, INC.,<br>    DEFENDANT<br>_____<br>ICU MEDICAL, INC.,<br>    COUNTERCLAIMANT,<br>v.<br>RYMED TECHNOLOGIES, INC.,<br>    COUNTERDEFENDANT. | Civil Action No. 3:10-cv-01067<br><br>Judge Kevin H. Sharp<br>Magistrate Judge John S. Bryant |

## RYMED'S REPLY MEMORANDUM
## IN SUPPORT OF
## RYMED'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Local Rule 7.01(b), Plaintiff/Counter-Defendant RyMed Technologies, Inc. respectfully submits this Reply Memorandum to ICU Medical, Inc.'s Memorandum in Opposition[1] to RyMed's Motion for Partial Summary Judgment.[2]

---

[1] (DE #117) (hereinafter, "ICU's Response").
[2] (DE # 85).

I.  **Introduction.**

ICU's Response shows that it is uninterested in focusing on the few issues that are still disputed in this case:

- ICU would have the Court ignore a valid Rule 68 Offer of Judgment that moots the vast majority of ICU's claims;

- Although ICU provides no evidence that anyone associated with RyMed has ever repeated two isolated statements, it continues to press those claims; and

- To avoid RyMed's res judicata defense regarding statements that RyMed was undisputedly making during prior litigation between the parties in California, ICU would have the Court ignore another federal court's judgment.

II. **RyMed's Rule 68 Offer of Judgment Has Mooted Forty-Six of ICU's Fifty-Nine Claims, Allowing the Court and the Parties to Focus on the Core of the Dispute.**

ICU makes four arguments for why RyMed's Rule 68 Offer does not moot ICU's claims.

*First*, ICU argues that RyMed, as a counter-defendant, is not entitled to make a Rule 68 Offer.[3] But both Rule 68's plain language and the case law make clear that a counter-defendant can offer judgment on a counterclaim. Rule 68 states that "a party defending against a claim" may make an offer of judgment.[4] A counter-defendant is a party defending against a counterclaim, which is a claim.[5] The cases ICU cites outright reject ICU's argument.[6]

---

[3] (*See* ICU's Response, at p. 2.)
[4] Fed. R. Civ. P. 68(a).
[5] *See* Fed. R. Civ. P. 13(a) ("A pleading must state as a counterclaim *any claim* that . . . the pleader has against an opposing party . . . .") (emphasis added).
[6] In *Delta Air Lines, Inc. v. August*, there was no counterclaim; the Court instead was considering whether a plaintiff may make an offer of judgment on a *plaintiff's own claim* (in effect, a voluntary dismissal). 450 U.S. 346, 349-50 (1981). The Supreme Court expressly rejected ICU's interpretation. *See id.* at 350 n.5. In *Simon v. Intercontinental Transport*, the court *permitted* the counterdefendant to make an offer of judgment on a counterclaim. 882 F.2d 1435, 1439 (9th Cir. 1989).

Numerous cases permit counter-defendants to offer judgment on counterclaims.[7] The rule is no different when the counterclaimant seeks injunctive relief.[8]

*Second*, ICU argues that RyMed's Rule 68 Offer is not valid, because it does not extend to a handful of statements.[9] But even the cases that ICU cites demonstrate that a party can make a valid offer of judgment as to some, but not all, claims.[10] Indeed, Article III *requires* federal courts to consider separately whether each claim is moot.[11] As for the seven statements on which RyMed conditionally offered judgment, ICU fights a straw man: RyMed never suggested that its Rule 68 Offer mooted those claims.[12]

*Third*, ICU argues that RyMed's Rule 68 Offer is invalid because it does not include attorneys' fees. But under Sixth Circuit precedent, attorneys' fees are unnecessary for a valid Rule 68 offer unless the statute creating the cause of action explicitly provides that attorneys fees are recoverable "as an additional component of costs."[13] Neither the Lanham Act nor the TCPA

---

[7] *See, e.g.*, *Collins v. Allen*, 1:04-CV-572, 2005 WL 1073369 (S.D. Ohio Mar. 16, 2005), R&R adopted, 2005 WL 1077591 ("Collins, as the party defending against the counterclaim, enjoys the ability to offer judgment upon the counterclaim."); *Hooker v. Constellation Homebuilder Sys., Inc.*, CIV.A. V-06-77, 2007 WL 2329883, at *1 (S.D. Tex. Aug. 14, 2007); *HIMC Corp. v. Ramchandani*, C07-5342FDB, 2009 WL 1835952, at *4 (W.D. Wash. June 26, 2009).

[8] ICU points to *Simon v. Intercontinental Transport*, 882 F.2d 1435, 1439 (9th Cir. 1989), for its purported distinction between injunctive and monetary relief, but neither *Simon* nor the plain language of Rule 68 provides a basis for this distinction.

[9] (*See* ICU's Response, at pp. 2-3.)

[10] *See O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 572-76 (6th Cir. 2009) (affirming the district court for holding counts I and II moot due to the offer of judgment, but disposing of count III on other grounds); *Najor v. G. Reynolds Sims*, 10-14307, 2011 WL 3422259 (E.D. Mich. Aug. 1, 2011) (when an offer of judgment "satisfies a plaintiff's *claim* [singular, not plural] in full . . . the court must dismiss *the mooted counts*") (emphasis added).

[11] *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 351-53 (2006) (holding that each separate claim must satisfy the elements of the Article III injury).

[12] (*See, e.g.*, Appendix A (DE #87), nn. 1-2.)

[13] *See McCain v. Detroit II Auto Fin. Ctr.*, 378 F.3d 561, 564-65 (6th Cir. 2004); *Oates v. Oates*, 866 F.2d 203, 205-08 (6th Cir. 1989) ("In the absence of unambiguous statutory language defining attorney's fees as an additional component of costs, and a clear expression by Congress

do.[14] RyMed is not required to pay ICU's attorneys' fees simply because ICU demanded them.[15]

*Fourth*, ICU argues that RyMed should have separately requested the entry of a permanent injunction. But RyMed offered forty-six times to agree to a "Stipulated Judgment for Injunctive and Declaratory Relief."[16] Moreover, the Sixth Circuit's procedure for handling claims mooted by Rule 68 offers requires the Court to enter an injunction.[17]

### III. ICU Has Not Proved That RyMed's Isolated Statements Are Being Distributed.

ICU argues that RyMed has not met the burden of establishing that two statements were isolated.[18] But ICU, not RyMed, must prove current distribution. Otherwise, as ICU touts when defending against RyMed's claims, "injunctive relief is not warranted."[19]

ICU also suggests that "advertising" must be widespread, but "promotion" need not be.[20] None of the cases draw this distinction; rather, they all define "advertising or promotion" jointly.[21] Again, ICU understood this standard when defending against RyMed's claims based

---

of an intent to carve out an exception to the American Rule, we hold that attorney's fees are not 'costs' for purposes of Rule 68."); Local Rule 68.01(d)(1).

[14] *See* 15 U.S.C. § 1117(a) (Lanham Act) (permitting attorneys fees in "exceptional cases," but separately from costs); Tenn. Code Ann. § 47-18-109(e)(1) (TCPA) (similar).

[15] In *McCain*, the plaintiff's complaint expressly demanded attorneys' fees for each claim. 378 F.3d at 565. Nonetheless, the Sixth Circuit held that the defendant's Rule 68 offer, which did not include attorneys fees, was valid. *Id.* at 564-65.

[16] (*See* Aff. of Michael G. Abelow in Support of RyMed's Motion for Partial Summary Judgment (hereinafter, Aff. of Michael G. Abelow), Ex. 1 – RyMed's Offer of Judgment.)

[17] *See O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 575 (6th Cir. 2009) (instructing district courts that confront claims mooted by Rule 68 offers "to enter judgment in favor of the plaintiffs in accordance with the defendants' Rule 68 offer of judgment").

[18] (ICU's Response, at p. 6.)

[19] (*See* Memorandum of Law in Support of ICU's Motion for Summary Judgment on RyMed's Second Am. Compl., at p. 6 (DE #79) (citations omitted).)

[20] (ICU's Response, at pp. 6-7.)

[21] *See, e.g.*, *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48, 56-57 (2d Cir. 2002); *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 735 (9th Cir. 1999); *Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1384 (5th Cir. 1996).

on ICU's statements.[22]

ICU must "put up or shut up" on the issue of whether the statements were isolated.[23] ICU has not done so. For its part, RyMed has submitted proof that the statements were isolated: an affidavit from the person who allegedly made them.[24] In any event, RyMed's Rule 68 Offer provides for an injunction prohibiting RyMed from repeating the statements at issue.[25]

## IV. Res Judicata Bars ICU's Counterclaims Regarding Issues that ICU Raised During the California Action.

The Court should take judicial notice of the California court's judgment. Acknowledging a judgment for the purposes of res judicata is a hornbook example for the use of judicial notice,[26] which courts may employ at any stage of the proceeding.[27]

Importantly, ICU does not deny (nor could it) that it was aware of RyMed's advertising during the California Action.[28] Moreover, ICU concedes that the advertising "relate[s] to the

---

[22] (*See* Memorandum of Law in Support of ICU's Motion for Summary Judgment on RyMed's Second Am. Compl., at pp. 7-8 (DE #79) (defining "advertising or promotion" jointly).)

[23] *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989).

[24] (Aff. of Denise Macklin in Support of RyMed's Motion for Partial Summary Judgment ¶¶ 4-7; Aff. of Michael G. Abelow, Ex. 6 – D. Macklin Depo. 61:12-62:6; Aff. of D. Scott Chase in Support of RyMed's Motion for Partial Summary Judgment ¶¶ 7-13.)

[25] (Aff. of Michael G. Abelow, Ex. 1 – RyMed's Offer of Judgment.)

[26] "Judicial records are a source of 'reasonably indisputable accuracy' when they record some judicial action such as dismissing an action, granting a motion, or finding a fact. Courts can properly notice prior judicial acts for the purpose of acting upon them. *The best-known example is the use of judicial records in ruling on a claim that the present case is barred or controlled by res judicata . . . .*" 21B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure, Evidence* § 5106.4 (2d ed. 2007) (emphasis added) (collecting cases).

[27] Fed. R. Evid. 201(d). The Court may take judicial notice *sua sponte* or must take judicial notice if a party requests. Fed. R. Evid. 201(c).

[28] As for ICU's argument that it lacks knowledge of the contents of a letter that was addressed to ICU's counsel and that ICU produced during discovery in this case, a federal court considering a similar argument warned that "it is disingenuous and wasteful to object to one's own documents based upon personal knowledge or authentication." *Estes Exp. Lines, Inc. v. Macy's Corp. Servs.*, 08CV3582 (PGS), 2010 U.S. Dist. LEXIS 6926, at *14-15 (D.N.J. Jan. 28, 2010).

same general subject matter" and that "some of the same issues arose in the California Action."[29] ICU attempts to draw fine lines between "res judicata" and "compulsory counterclaims," and between the InVision-Plus's "microbial integrity" (at issue in the California Action) and its "double microbial barrier" (at issue here).[30]  But the essence of both lawsuits is whether statements made about the InVision-Plus® constitute false advertising.

ICU is estopped from denying the effects of the California Action: it used that action to justify its refusal to produce documents predating the conclusion of the California Action.[31] RyMed's discovery requests sought information relevant to both RyMed's claims and ICU's counterclaims, so ICU cannot argue that res judicata applies to the former but not the latter.  ICU also referenced the California Action when it pled res judicata as an affirmative defense.[32]

## V. Conclusion.

Instead of competing in the marketplace, ICU relies on technicalities to drag out this litigation and use laws intended to protect consumers to stifle competition from RyMed.  ICU presents no proof that consumers have been misled and repeatedly asks the Court to apply one standard to RyMed and another to ICU.  Nonetheless, RyMed offered ICU a judgment, including injunctive relief, on almost all of its counterclaims.[33]  The Court should put an end to ICU's tactics by granting partial summary judgment in favor of RyMed on ICU's counterclaims, almost all of which are moot, insufficiently disseminated, and barred by res judicata.

---

[29] (ICU's Response, at pp. 11, 13.)
[30] (ICU's Response, at p. 12.)
[31] (Aff. of Michael G. Abelow, Ex. 3 at pp. 5-7, Ex. 4 at p. 2.)
[32] (ICU's First Amended Answer (DE #40), at p. 22.)
[33] As stated in the Rule 68 Offer, RyMed either never made many of the statements about which ICU complains, or, if made, they were isolated, one-off statements which likely have not been repeated. (Aff. of Michael G. Abelow, Ex. 1.)  Nonetheless, RyMed made this Rule 68 Offer to streamline the issues the Court will need to resolve and avoid burdensome litigation costs.  (*Id.*)

Respectfully submitted,


*/s/ Michael G. Abelow*
Samuel P. Funk (No. 19777)
Michael G. Abelow (No. 26710)
SHERRARD & ROE, PLC
150 3rd Avenue South, Suite 1100
Nashville, Tennessee 37201
sfunk@sherrardroe.com
mabelow@sherrardroe.com
(615) 742-4200
(615) 742-4539 (fax)

*Counsel for RyMed Technologies, Inc. & Denise Macklin*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the foregoing has been served upon the following via the Court's electronic filing system on this the 24th day of January, 2012:

Ronald J. Kohut, Esq.
Laura L. Kohut, Esq.
Kristyn E. Kohut, Esq.
KOHUT & KOHUT LLP
600 Anton Blvd, Suite 1075
Costa Mesa, CA 92626
ronald@kohutlaw.com
laura@kohutlaw.com
kristyn@kohutlaw.com

    and

Jonathan O. Harris, Esq.
OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
401 Commerce Street, Suite 1200
Nashville, TN 37219
Jon.Harris@ogletreedeakins.com

*Counsel for ICU Medical, Inc.*

                                                */s/ Michael G. Abelow*
                                                Michael G. Abelow