UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RYMED TECHNOLOGIES, INC., )
et al., )
 )
      Plaintiffs, ) Case No. 3:10-1067
 ) Judge Sharp/Bryant
   v. )
 )
ICU MEDICAL, INC., )
 )
      Defendant. )

## **MEMORANDUM AND ORDER**

Defendant ICU Medical, Inc. has filed its motion to compel further responses to discovery (Docket Entry No. 62), to which plaintiff RyMed Technologies, Inc. ("RyMed") has filed a response (Docket Entry No. 74). Defendant ICU Medical, Inc. ("ICU") has filed a reply (Docket Entry No. 72-1).

Defendant ICU has filed a notice (Docket Entry No. 71) in which it states that the parties have now resolved all issues raised in the motion to compel except for plaintiff RyMed's response to Interrogatory No. 6 of the Third Set of Interrogatories (Docket Entry No. 71 at 2). Specifically, plaintiff RyMed has declined to disclose the name of the person at Bon Secours Richmond Health System ("Bon Secours") who provided a document entitled the "Comparative Matrix" to Meredith Ledwell, a sales manager for RyMed, in September 2010. Defendant ICU argues that RyMed should be required to serve a supplemental response including the name of this Bon Secours manager or, in the alternative, be required to dismiss any claims against ICU based upon the Comparative Matrix

document. Plaintiff RyMed argues that disclosure of this individual's identity should not be required, and that defendant ICU's motion to compel should be denied.

## **Analysis**

Rule 26(b)(1) of the Federal Rules of Civil Procedure states in pertinent part as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

In its amended complaint (Docket Entry No. 38), plaintiff RyMed alleges that ICU provided a document entitled "Comparative Matrix" to customers and potential customers, and that this document contained false and misleading representations comparing ICU's product to the competing product manufactured and sold by plaintiff RyMed (Docket Entry No. 38 at paragraphs 47-61). In addition, RyMed alleges that the "deception" contained in the Comparative Matrix document and other ICU promotional materials "is material, and likely to influence purchasing decisions by consumers and potential consumers of needleless connectors." (Docket Entry No. 38 at paragraph 103). Plaintiff RyMed seeks an injunction preventing defendant ICU from continuing its allegedly false statements and a declaratory judgment that defendant ICU's actions

violate the Tennessee Consumer Protection Act (Docket Entry No. 38).

To the extent that the disputed interrogatory seeks the identity of a person who knows, or who may know, how Bon Secours, a consumer or potential consumer of the competing products manufactured and sold by these parties, obtained a copy of the "Comparative Matrix" document, and the extent to which it may have been used to influence purchasing decisions, such information is clearly relevant discovery in this case. Plaintiff RyMed makes essentially two arguments in opposition to defendant ICU's motion to compel this information: (1) that ICU does not really need to obtain this individual's identity because ICU presumably already knows the persons to whom it provided the Comparative Matrix document; and (2) that RyMed promised the subject Bon Secours manager anonymity, and the manager allegedly fears that he or she could lose his or her job if his or her identity were revealed (Docket Entry No. 74-3).

Both parties in their motion papers cite the Court to the three-prong analysis described in <u>Universal Delaware, Inc. v. Comdata Network, Inc.</u>, 2011 WL 1085180 (M.D. Tenn. Mar. 21, 2011), but the parties disagree on the conclusion that such an analysis would support. Employing the analysis discussed in <u>Universal Delaware</u>, the Court finds that the identity of a potential witness is not a trade secret or otherwise the type of information that is

generally considered confidential. In fact, "the identity and location of persons who know of any discoverable matter" is expressly made discoverable under Rule 26(b)(1). In addition, to the extent that plaintiff RyMed seeks relief from the Court based upon allegedly false and misleading advertising contained in the Comparative Matrix document, the Bon Secours manager who provided this document to the RyMed employee would be reasonably calculated to possess information relevant in this case. Finally, the evidence presently before the Court fails to make a compelling case that this potential witness will probably lose his or her job if his or her identity is revealed. The declaration of Brandon Ryan (Docket Entry No. 74-3) is not made on personal knowledge, nor does it demonstrate that the statements contained therein are based on anything other than hearsay and/or speculation.

For the reasons stated above, the undersigned Magistrate Judge finds that defendant ICU's motion to compel further response to Interrogatory No. 6 of the Third Set of Interrogatories should be **GRANTED**. Plaintiff RyMed is **ORDERED** to serve a supplemental response to Interrogatory No. 6 on or before **April 5, 2012.**

It is so **ORDERED**.

s/ John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge
