UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RYMED TECHNOLOGIES, INC., et al., | ) ) ) | |
| Plaintiffs. | ) ) | Case No. 3:10-1067 Judge Sharp/Bryant |
| v. | ) ) | **Jury Demand** |
| ICU MEDICAL, INC., | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Pending in this case is the parties' joint motion to ascertain status (Docket Entry No. 158). As stated below this memorandum, this motion to ascertain status is **GRANTED.**

### **Statement of the Case**

Plaintiffs RyMed Technologies, Inc. ("RyMed") and Denise Macklin ("Macklin) have filed this action seeking a declaratory judgment that they have not been guilty of false advertising, misbranding or other wrongful conduct in violation of federal or state laws with respect to the products of Defendant ICU Medical, Inc. ("ICU"). Defendant ICU has filed a counterclaim seeking injunctive relief against RyMed based upon alleged false and misleading claims in RyMed's advertising, publications, and presentations concerning ICU's products.

### **Background of Pending Motion**

On February 23, 2011, the parties jointly filed a paper entitled "Joint Statement Re: Protective Order" (Docket Entry No. 23). In substance, this filing states that Defendant ICU had

proposed a protective order applicable to certain confidential and proprietary information to be produced by the parties, and that Plaintiffs RyMed and Macklin had objected to several provisions of this proposed order. Significantly, neither party filed a motion for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Much later, the parties filed their joint motion to ascertain status of their joint statement regarding protective order (Docket Entry No. 158). From this motion, it appears that the parties intended their earlier "joint statement" to be deemed by the Court to be a motion for protective order under Rule 26(c).[1]

As a suggestion for future practice, the undersigned Magistrate Judge advises counsel for the parties that when a party seeks a ruling from a court on a disputed matter, the party should file a motion pursuant to the Federal Rules of Civil Procedure. The filing of a "notice" ordinarily does not signify to the Clerk or the Court that the parties want the Court to issue a ruling on a matter. Nevertheless, the undersigned has come to understand that the parties did intend their joint notice to be, in fact, a motion for entry of a protective order, and the undersigned will proceed to deal with this matter on the merits.

---

[1] While Local Rule 37.01(a) does require the preparation of a joint statement of matters in dispute, the rule contemplates that such joint statement will be attached to a discovery motion.

## Analysis

At the outset, it appears undisputed from the parties' joint statement that Plaintiff RyMed and Defendant ICU are competitors and bitter rivals in the design, manufacture and sales of needle-free IV connectors used in various medical applications. RyMed and ICU are, for practical purposes, the only producers of these devices in the United States market. These two parties have previously litigated with each other in the United States District Courts in Delaware and California.

According to the joint statement of the parties, they disagree about six specific provisions of the protective order that has been proposed by Defendant ICU. The undersigned will address each of these disputed provisions in the order presented in the parties' notice.

Rule 26(c) of the Federal Rules of Civil Procedure provides that the Court, for good cause, may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.

1. <u>Whether the protective order should include a category designated "Attorney's Eyes Only."</u> Defendant ICU argues that certain information likely to be produced in discovery is so

confidential and commercially sensitive that the parties should be permitted to designate such information as "Attorney's Eyes Only" in order to limit disclosure of such information to counsel. Plaintiffs argue that this limitation would unduly prejudice them because their employees would not be permitted to view such restricted information in order to assist counsel in prosecuting the case.

It is undisputed that RyMed and ICU are intense, bitter rivals in a technology-driven industry and that their actions have generated at least two lawsuits before this one. Courts have recognized that "Attorney's Eyes Only" restrictions on information produced in discovery may well be appropriate when the parties are competitors. See <u>Westbrook v. Charlie Sciara & Son Produce Co.</u>, 2008 WL 839745 at *4 (W.D. Tenn. Mar. 27, 2008) (collecting cases). Given the undisputedly intense competition between RyMed and ICU in this extremely specialized industry, the undersigned Magistrate Judge finds that the protective order in this case should contain a designation for information to be categorized as "Attorney's Eyes Only."

2. <u>Whether the persons shown "Confidential" information shall be limited to two and their identities disclosed to the producing party</u>. ICU asserts that, in addition to trial counsel, the number of persons who are shown information designated as "Confidential" should be limited to two persons, who must be shown

the protective order and sign a declaration of willingness to abide by the protective order before disclosure of the information. RyMed, on the other hand, maintains that there should be no limitation on the number of persons shown "Confidential" information provided that trial counsel in good faith represents that the persons to whom disclosure is made need to see the information for purposes of prosecuting or defending the action.

Considering the arguments of the parties, the undersigned Magistrate Judge finds that limiting disclosure of information designated as "Confidential" to a total of four persons in addition to trial counsel should provide adequate protection to the parties and that the protective order should so provide.

3. <u>Whether the producing party should be permitted to object before protected information is shown to retained consultants</u>. ICU insists that the parties should be provided the name and curriculum vitae of any retained consultant or potential expert witness and be permitted to object before any proposed disclosure of protected information is made. As grounds, ICU states that in earlier litigation with RyMed, RyMed designated as an expert witness an individual who had a history of prosecuting patents relating to a needle-free IV connector on behalf of a competitor. ICU argues that without this limitation, RyMed could well disclose ICU's highly sensitive design information to persons employed by its commercial competitors. RyMed argues that, as a

5

general rule, the identity of consulting experts does not have to be disclosed to opposing counsel, and that Rule 26 requires that identities and opinions of testifying experts only be disclosed.

After due consideration, the undersigned Magistrate Judge finds that the other protections contained in the proposed protective order are sufficient reasonably to protect the parties from wrongful disclosure of their confidential information. Therefore, the undersigned Magistrate Judge finds that a provision giving the producing party advance disclosure and an opportunity to object before revealing protected information to a retained consultant or expert witness is unnecessary, unduly restrictive, and should not be included in the protective order.

4. <u>Whether persons shown protected information should be restricted from prosecuting patents in this field for a period of time</u>. ICU argues that needle-free IV connectors is a highly competitive industry with relatively few qualified design experts, and that disclosure of confidential design information to a potential expert witness risks the possibility that such expert may use the information wrongfully unless the expert is prohibited from prosecuting patents in this field for two years following the termination of the litigation. RyMed responds that such a restriction unduly limits its ability to obtain qualified consultants and expert witnesses and that other protections in the

protective order and in patent statutes generally are sufficient to protect ICU's technical information from wrongful use.

Upon consideration of the foregoing, the undersigned finds that requiring any potential expert witness to forego prosecuting patents in this field is excessive and unnecessary and should not be part of the protective order in this action. The undersigned does find, however, that trial counsel shall obtain and maintain a signed declaration from any person shown protected information stating that the individual has read the protective order, agrees to be bound by all of the terms of the protective order, and consents to personal jurisdiction in this district for purpose of enforcement of the provisions of this protective order.

5. <u>Whether the producing party should be entitled as a matter of right to depose any recipient of protected information in the event of a breach of the protective order</u>. ICU argues that any producing party should have a right, without more, to depose any recipient of protected information in the event that a breach of the protective order occurs. RyMed responds that such a deposition of a recipient of protected information, in the event of a breach of the protective order, should be subject to approval of the Court.

The undersigned Magistrate Judge agrees. In the event of a breach or alleged breach of the protective order, any party may seek approval of the Court to depose any recipient of protected

7

information regarding the alleged breach. The Court will then determine whether such deposition or depositions shall be permitted. No party should interpret this ruling to suggest that the Court will be anything less than diligent in enforcing the terms of this or other orders.

6. <u>Whether a counsel of record may retain a copy of all protected documents after termination of this action</u>. ICU argues that, upon termination of this action, all protected documents and copies, abstracts, summaries or other documents containing information derived from protected information, except information that has been incorporated into filings with or rulings by the Court, shall be either returned to the party producing the information or destroyed by receiving counsel. RyMed insists that one counsel of record for each party should be allowed to retain one copy of all protected information for reference in case a dispute arises later regarding a party's compliance with any final judgment or other matter related to this action.

The undersigned Magistrate Judge finds that any judgment or other ruling by the Court will almost certainly be enforceable by its terms, and without reference to extraneous, confidential and nonpublic documents or information. Therefore, the undersigned finds that all protected documents should be either returned to the producing party or destroyed upon final termination of this action. If they wish, counsel may retain a log that describes all documents

produced by date, author and general description, but such log should not disclose the substance of the information contained therein.

Counsel for ICU shall prepare and file a protective order containing provisions consistent with the rulings in this memorandum.

It is so **ORDERED**.

s/ John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge